ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAMELA DIAZ-OSUNA,<br><br>Defendant. | Case No. 2:19-cr-226<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Judge Howard C. Nielson, Jr. |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts 1 and 2 of the Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me.

The elements of Count 1, Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) are:

a. The Defendant knowingly or intentionally possessed with intent to distribute a controlled substance as charged, namely a mixture and substance containing a detectable amount of methamphetamine; and,

b. That methamphetamine is a Schedule II Controlled Substance.

The elements of Count 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, are:

a. The Defendant knowingly and intentionally possessed a firearm; and

b. That the defendant's possession of the firearm was in furtherance of the drug trafficking crime as alleged in Count 1 of the Information, namely Possession of Methamphetamine with Intent to Distribute.

2. I know that the maximum possible penalty provided by law for Count 1 of the Information, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment 20 years, a fine of $1,000,000, a term of supervised release of not less than 3 years and up to life, and any applicable forfeiture. I know that the maximum possible penalty provided by law for Count 2 of the Information, a violation of 18 U.S.C.924(c) is a term of imprisonment of not less than five years to be served consecutively to Count 1 in this case. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a. I have a right to the assistance of counsel at every stage of the proceeding.

b. I have a right to see and observe the witnesses who testify against me.

c. My attorney can cross-examine all witnesses who testify against me.

d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On or about June 13, 2019, I possessed 967.3 grams of a mixture containing a detectable amount of methamphetamine which I intended to distribute to another

person. On that date, I drove to the parking lot at 3931 West 9000 South in West Jordan, Utah, with the intent to distribute this methamphetamine to another person. During this drug trafficking offense, I also possessed a Pico firearm, serial number 038874, which was in an unlocked safe on the floor of the passenger side of the car I was driving. The safe also contained a scale, several small baggies that contained a substance that field-tested positive for methamphetamine, and two loose bullets. I possessed the firearm in furtherance of, that is to help facilitate, the drug trafficking crime. My actions took place in the District of Utah and I agree that my actions violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Counts 1 and 2 of the Information.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 84 months' imprisonment, (24 months on Count 1 and 60 months consecutive on Count 2) which I agree is a reasonable sentence.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 84 months' imprisonment will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 84 months' imprisonment, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 1, 2, and 3 of the Superseding Indictment at the time of sentencing

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5) Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Forfeiture.**

(1) I agree to forfeit all property acquired from or traceable to my offense[s] and all property that was used to facilitate my offense[s], including, but not limited to, the following specific property:

Primary Weapon System rifle, CAL: .223/5.56, SN: X01323

Remington Arms handgun, CAL: 45 SN: RHH028296

Llama Minimax 45 handgun, CAL: 45, SN: 71-04-04815-04

Century Arms RAS47 AK-47 rifle, CAL: 7.62X39 SN: RAS47105246

Diamondback Multi-Caliber rifle, CAL: .223/5.56 SN: DB1908179

Beretta pistol, CAL: 9, SN: PC038874

Associated bag with multiple rifle magazines and ammunition

(2) I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

(3) I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

1. I am 30 years of age. My education consists of 9th grade. I ____________ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 1st day of June, 2021.

Pamela Diaz Osuna, signed with authorization by Emily Stirba

PAMELA DIAZ-OSUNA
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained her rights to her, and that I have assisted her in completing this written agreement. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 1st day of June, 21.

EMILY STIRBA
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 28th day of May, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

/s/ *Stephen L. Nelson*

STEPHEN L. NELSON
STEWART M. YOUNG
Assistant United States Attorney